**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| JADNEY BROWNE, f/k/a JADNEY REED, <br><br> PLAINTIFF, <br><br> vs. <br><br> NIAGARA CREDIT SOLUTIONS, INC. <br><br> DEFENDANT. | **Civil Action No.** 4:11 - cv - 151 <br><br><br> **AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Jadney Browne ("Plaintiff" or "Jadney") by and through her attorney, L. Ashley Zubal, and for her Amended Complaint against the Defendant, Niagara Credit Solutions, Inc. (hereinafter "Defendant" or "Niagara"), alleges as follows:

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, Jadney Browne, is a natural person residing in West Des Moines, Iowa.

4. Defendant, Niagara Credit Solutions, Inc., is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Nissan Financial, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. Sometime during the second week of February, 2011, the Plaintiff began receiving debt collection calls from a representative of the Defendant, a Mr. Mark Kramer. Mr. Kramer advised the Plaintiff that she owed a debt originally owed to Nissan Financial. Mr. Kramer informed the Plaintiff that they were willing to settle the debt but that the Plaintiff would have to set up a payment. The Plaintiff provided her email address and stated that she would like to review the settlement offer before making a decision.

11. The Plaintiff did not respond to the settlement offer.

12. Since the date of the Plaintiff's initial communication with the Defendant in February, 2011, the Defendant has failed to forward the required written correspondence to the Plaintiff stating the amount of the debt and the Plaintiff's right to request verification of the debt.

13. Shortly after the initial communication, Defendant's representative began leaving voice message on the Plaintiff's phone as well her husband, Tory Browne's phone.

14. On or about February 22 and again on February 24, 2011, Mr. Kramer left voice messages on the Plaintiff's phone requesting she call him back. In each call Mr. Kramer failed to state the call was from a debt collector.

15. On or about February 25, and again on February 28, 2011, Mr. Kramer left additional voice messages for the Plaintiff to call immediately with regard to paying on her alleged debt. In each call Mr. Kramer failed to state the call was from a debt collector.

16. Mr. Kramer continued to leave voice messages on the Plaintiff's phone requesting she contact him with regard to the alleged debt on the following dates: March 01, 04, 07, and 08, 2011. In each voice message, Mr. Kramer failed to state the call was from a debt collector.

17. Mr. Kramer also called the Plaintiff's husband's phone, Tory Browne, leaving voice messages on Tory's phone. Mr. Kramer contacted Tory's number in an attempt to collect a debt. At no time did the Plaintiff, Jadney Browne, give the Defendant permission to disclose the fact that she owed a debt to any third parties.

18. On or about March 05, 2011, Mr. Kramer left a voice message on Tory Browne's phone stating that he was trying to reach Jadney Reed about her file number 2085390 and that the matter needed to be resolved. It is clear that the phone number is solely Tory's as Tory leaves a personalized message prior to the voice recording informing the caller that they have reached Tory Browne's phone and to leave a message.

19. On or about March 07, 2011, Mr. Kramer left another voice message on Tory Browne's phone. Mr. Kramer was attempting to collect a debt from the Plaintiff, Jadney Browne. In the voice message, Mr. Kramer states language which includes but is not limited to the following: "I am trying to reach Jadney Reed…. we can resolve this issue in an amicable fashion if you even know what that means…this issue needs to be addressed immediately… when calling reference your file number 2085390."

20. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, frustration, anger, stress, loss of sleep and anxiety.

## V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

21. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. Niagara Credit Solutions, Inc., and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Plaintiff within five days of the initial verbal communication, the amount of the debt, the name of the creditor, and notice that within 30 days of the notice, the Plaintiff had 30 days to dispute the debt in which time the Defendant would be required to provide verification of the debt.

    b. The Defendant violated 15 U.S.C. §§ 1692b(2); b(3) by disclosing information with regard to the debt to third parties and by contacting the same third party on more than one occasion without a request to do so.

    c. The Defendant violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's place of employment or other third parties in connection with the collection of any debt, without the express permission of the Plaintiff, for purposes other than verifying the location of the Plaintiff.

    d. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    e. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communication and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

    f. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

23. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

26. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

27. Niagara Credit Solutions, Inc., and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692g(a); 1692b(2)(3); 1692c(b); 1692d(5); 1692e(11); and 1692f.

    b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or

> at unusual times known to be inconvenient, with the intent to annoy, harass or threaten a person.
>
> c. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating the fact that the Plaintiff owes an alleged debt to third parties without the Plaintiff's permission, to persons who would not be expected to be liable for the debt, for purposes other than to verify employment and more than once in a one month period.
>
> d. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

28. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

30. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII. JURY DEMAND

The Plaintiff prays a trial by jury.

Respectfully submitted,

/s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF